**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

LUIS DANIEL CRUZ,

    Plaintiff,

v.                                                                         Case No: 5:17-cv-333-Oc-30PRL

JR PLASTICS CORPORATION,

    Defendant.

## ORDER

Plaintiff sued Defendant under the Americans with Disabilities Act, along with other federal and Florida statutes. Defendant argues the ADA claims should be dismissed because Plaintiff never received a right to sue notice from the Equal Employment Opportunity Commission before filing suit. Plaintiff argues this condition precedent should be equitably modified so he can bring all his claims at once, and because Plaintiff has not heard from the EEOC in more than a year. Considering the arguments, the Court concludes Defendant's Motion should be denied.

## FACTUAL BACKGROUND

Plaintiff began working for Defendant in November 2012. (Doc. 1, ¶ 12). In January 2016, Plaintiff suffered a heart attack and was hospitalized. (Doc. 1, ¶ 14–16). Later that month, Plaintiff gave Defendant's Human Resource manager a letter from his doctor stating he had not yet been released to return to work. (Doc. 1, ¶ 18). The HR manager sent Plaintiff to a doctor retained by Defendant for a second opinion. (Doc. 1, ¶ 20). That doctor

gave Plaintiff another letter stating he was not cleared to return to work. (Doc. 1, ¶ 22). When Plaintiff presented the letter from the second doctor to the HR manager, she terminated Plaintiff. (Doc. 1, ¶ 24). The HR manager also told Plaintiff that he could reapply for his position, if it was still open, once the cardiologist cleared Plaintiff to return to work. (Doc. 1, ¶ 24). About two months later, Plaintiff returned to Defendant to reapply for his position. (Doc. 1, ¶ 25). The HR manager informed Plaintiff that his position was no longer available and that he should file for unemployment benefits. (Doc. 1, ¶ 26).

Plaintiff then filed an EEOC Charge of Discrimination under the Florida Civil Rights Act and ADA on July 7, 2016. (Doc. 1, ¶ 9). After more than 180 days passed, Plaintiff filed the instant lawsuit against Defendant. (Doc. 1, ¶ 9). Counts III and IV of the Complaint allege that Defendant violated the ADA by terminating Plaintiff and by denying him a reasonable accommodation. (Doc. 1). At the time Plaintiff filed the lawsuit, he had not yet received a right to sue notice from the EEOC. (Doc. 16, p. 3).

## **MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson*, 551 U.S. at 93–94.

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## **DISCUSSION**

"Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996) (citing 42 U.S.C.A. § 2000e–5(f)(1)). If more than 180 days have passed and the charge has not been dismissed or other action taken, the EEOC is required to provide the plaintiff with statutory notice—or a right to sue notice. *Id.* Receipt of the right to sue notice is, therefore, a condition precedent to bringing the Title VII action. *Id.* at 1567–68 (citing *Pinkard v. Pullman–Standard,* 678 F.2d 1211, 1215 (5th Cir. Unit B 1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983); and *Fouche v. Jekyll Island—State Park Authority,* 713 F.2d 1518, 1525 (11th Cir.1983)).

Defendant argues Plaintiff failed to state a claim under the ADA because Plaintiff did not allege he received the right to sue notice from the EEOC prior to filing the lawsuit. But Plaintiff argues that the Court should not dismiss the ADA claims based on his failure to get the right to sue notice because of the doctrine of equitable modification. The Court agrees with Plaintiff.

Although receiving the right to sue notice is a condition precedent to filing suit, the Eleventh Circuit has explained this requirement is subject to equitable modification. *Id.* Equitable modification is not a *per se* rule to be applied in all circumstances, but instead depends on the equities presented in each case. *Id.* at 1568. Generally, equitable modification is appropriate when a plaintiff has not received the right to sue notice from the EEOC after more than 180 days from filing a claim and the plaintiff has not frustrated the EEOC's investigation. *See id.*; *Pinkard*, 678 F.2d at 1217 (discussing equitable modification); *Fouche*, 713 F.2d at 1526 (concluding that the plaintiff was entitled to equitable modification because he diligently attempted to obtain the required notice before filing suit but was unable to receive it).

Plaintiff has shown that this case warrants equitable modification of the statutory requirement that he receive the right to sue notice before filing suit. Plaintiff filed his claim with the EEOC more than a year before he filed this lawsuit. Despite more than 180 days having passed, the EEOC failed to issue the right to sue notice or take any further action. There is no evidence that the delay by the EEOC was in any way caused by Plaintiff. And applying equitable modification allows Plaintiff to bring all of his claims arising from his termination at one time, as opposed to bringing the FMLA claims now so the statute of

limitations does not expire and waiting to bring claims under the ADA after receiving the right to sue notice. Such a delay would be inefficient and could potentially prejudice Plaintiff. So the Court concludes the requirement that Plaintiff receive the right to sue notice before filing suit should be equitably modified.

That said, the record before the Court may simply be incomplete to determine whether Plaintiff played a role in delaying the EEOC's investigation. So the Court will deny Defendant's Motion without prejudice to Defendant seeking dismissal of the ADA claims at a later time if it uncovers evidence that would weigh against the Court equitably modifying the statutory requirement.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss and Motion to Strike (Doc. 9) is DENIED without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of September, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record